IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

**Deutsche Bank National Trust Company,** *Trustee on behalf of the Certificateholders of Morgan Stanley ABS Capital I Inc. Trust 2004-HE7,Mortgage Pass-Through Certificates, Series 2004-HE7,*

**Plaintiff,**

**v.**

**Paul Steven Brueggemann a/k/a Paul S. Brueggemann; Christina M. Brueggemann a/k/a Christina M. Bruns; United States of America; Washington County Hospital; Pinckneyville Community Hospital; Personal Finance Company, LLC,**

**Defendants.**                                        No. 11-cv-981-DRH-DGW

MEMORANDUM AND ORDER

**HERNDON, Chief Judge:**

## I.  INTRODUCTION

This is a mortgage foreclosure action. Pending before the Court is plaintiff Deutsche Bank National Trust Company's (Deutsche Bank) motion for summary judgment pursuant to FEDERAL RULE OF CIVIL PROCEDURE 56 against defendant the United States of America (USA), a party to this action due to its recorded tax lien on the subject property. In support, Deutsche Bank offers an affidavit of Judy Johnson (Johnson), an Assistant Vice President, Senior Operations Manager for Bank of America (BANA), the servicer of the subject loan (Doc. 18). The USA has filed a motion to strike Johnson's affidavit, arguing alternatively that Deutsche

Bank did not properly disclose Johnson as a supporting witness and that Johnson's statements do not meet the requirements of Rule 56 (Doc. 20). For the following reasons, the Court **GRANTS** Deutsche Bank's motion for summary judgment (Doc. 18) and **DENIES** the USA's motion to strike (Doc. 20).

## II.    BACKGROUND

On March 26, 2004, defendants Paul Steven Brueggemann a/k/a Paul S. Brueggemann and Christina M. Brueggemann a/k/a Christina M. Bruns (Collectively, the Brueggemanns) executed a mortgage pledging the real property located at 3803 State Route 154, Perry County, Pinckneyville, Illinois, 62274, to secure a note in the principal sum of $100,000.00 (Doc. 18-1, Ex. 1). The mortgage was recorded on August 25, 2004, with the Perry County, Illinois, Recorder of Deeds, as document number 2004-3135 (Doc. 18-1, Ex. 1).

Unfortunately, the Brueggemanns defaulted on the terms of the note and mortgage in January, 2009. Although not the original mortgagee, Deutsche Bank received assignment of all interests under the note and mortgage on July 19, 2011 (Doc. 2-2, Ex. C). Thus, on October 11, 2011, Deutsche Bank filed a mortgage foreclosure action under 735 ILCS 5/15-1101 *et seq.,* in Perry County, Illinois (Doc. 2-2). The USA timely removed to this Court on November 3, 2011 (Doc. 2), citing 28 U.S.C. §§ 1441(c), 1442(a), 1444, and 2410. The complaint alleges the USA's interest in this dispute arises from its tax lien recorded with the Perry County, Illinois, Recorder of Deeds on May 14, 2010, as document number 2010-01244 in the amount of $11,195.41 (Doc. 2-2, p. 3, Para. 3(L)). The USA's answer

admits the allegation that it claims a lien in this matter and additionally states that as of December 30, 2011, its lien against the subject property amounted to $17,5006.42 [sic] (Doc. 6, p. 2, Para. 3(L)(1)).

On May 4, 2012, the Clerk entered an entry of default against the Brueggemanns, Personal Finance Company, LLC, Pinckneyville Community Hospital, and Washington County Hospital (Doc. 16). However, the Court has granted Deutsche Bank's request for postponement of its motion for default judgment against the above-named defendants pending resolution of its instant motion for summary judgment against the USA (Doc. 23). Additionally, the Court granted Deutsche Bank's voluntary motion for dismissal of Unknown Owners and Nonrecord Claimants on May 4, 2012 (Doc. 17).

This brings the Court to Deutsche Bank's motion for summary judgment against the USA (Doc. 18). Deutsche Bank states the following are undisputed: 1. the Brueggemanns executed a note in the amount of $100,000.00 secured by a mortgage against the subject property; 2. the mortgage was recorded on August 25, 2004, with the Perry County Recorder of Deeds, thereby giving notice to third parties; 3. Deutsche Bank is the successor mortgagee and is entitled to enforce the note pursuant to U.C.C. § 3-301; 4. the Brueggemanns defaulted on their monthly payments as of January 1, 2009, and have failed to cure their default; 5. the outstanding unpaid principal balance of the note is $96,378.18; and 6. the Illinois Mortgage Foreclosure Law provides for enforcement of Deutsche Bank's lien against the property. Deutsche Bank instantly moves for summary judgment

against the USA, as its mortgage has priority over the USA's later-recorded tax lien. In support of its allegations, Deutsche Bank offers copies of pertinent documents; notably, the mortgage, note, and BANA computer-generated records detailing the Brueggemanns' payment history regarding the subject loan. Deutsche Bank additionally offers Johnson's affidavit, in which she states that as an Assistant Vice President, Senior Operations Manager for BANA, servicer of the subject loan, she has personal knowledge of BANA's computer-generated records and has reviewed and analyzed the business and loan records of the subject loan in the ordinary course of her employment (Doc. 18-1, pp. 1-4).

While Deutsche Bank classifies this litigation as a "routine mortgage foreclosure action," the USA threw a wrinkle in Deutsche Bank's progression to its requested judgment by filing a motion to strike Johnson's affidavit (Doc. 20). While the USA does not offer evidence in contradiction of Deutsche Bank's or Johnson's assertions, it instead argues that Johnson's affidavit must be stricken as: 1. Johnson was not disclosed to it as a supportive witness; thus, the USA was not afforded an adequate opportunity to discover essential information regarding Johnson, and alternatively, 2. Johnson lacks personal knowledge, her testimony includes inadmissible evidence, and she is not competent to testify.

In light of the USA's motion, the Court deferred ruling on Deutsche Bank's motion for summary judgment until the USA deposed Johnson (Doc. 21). The USA deposed Johnson on August 7, 2012, thereafter renewing both its motion to strike and its opposition to Deutsche Bank's motion for summary judgment. The

USA renewed its arguments on the basis that Johnson's statements are insufficient under Rule 56. Thus, the USA's argument that the Court should strike Johnson's affidavit because she was not disclosed as a witness is rendered moot. Accordingly, in determining whether to strike Johnson's affidavit, the Court shall solely review whether her statements meet the requirements of Rule 56.

### III. LAW

#### a. Jurisdiction

Deutsche Bank's complaint alleges the USA's tax lien is subordinate to its mortgage. It instantly seeks judgment as a matter of law as to this allegation. An action affecting property on which the United States has a lien may be removed by the United States. *See* 28 U.S.C. §§ 1444 and 2410; *see also City of Joliet, Ill. v. New West, L.P.,* 562 F.3d 830, 833 (7th Cir. 2009) ("[T]he presence of the national government as a party with a security in the real estate supplies jurisdiction.").[1] Further, a civil action commenced in state court against the United States or any agency thereof may be removed by the United States. 28 U.S.C. § 1442(a).

#### b. Summary Judgment

Summary judgment is proper where the movant shows "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(A); *accord Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23 (1986). A genuine issue of triable fact exists only if, "the evidence is such that

---

[1] The Court notes that Section 2410 does not itself confer federal jurisdiction; it waives sovereign immunity. *Macklin v. United States,* 300 F.3d 814, 819 (7th Cir. 2002).

a reasonable jury could return a verdict for the nonmoving party." *Pugh v. City of Attica, Ind.,* 259 F.3d 619, 625 (7th Cir. 2001) (quoting *Anderson Liberty Lobby, Inc.,* 477 U.S. 242, 248 (1986)).

The movant bears the burden of establishing the absence of fact issues and entitlement to judgment as a matter of law. *Santaella v. Metro. Life Ins. Co.*, 123 F.3d 456, 461 (7th Cir. 1997) (citing *Celotex*, 477 U.S. at 323). Once the moving party has set forth the basis for summary judgment, the burden then shifts to the nonmoving party who must go beyond mere allegations and offer specific facts showing that there is a genuine issue for trial. FED. R. CIV. P. 56(e); *see Celotex,* 477 U.S. at 323–24. The nonmoving party must offer more than "[c]onclusory allegations, unsupported by specific facts," to establish a genuine issue of material fact. *Payne v. Pauley,* 337 F.3d 767, 773 (7th Cir. 2003) (citing *Lujan v. Nat'l Wildlife Fed'n,* 497 U.S. 871, 888 (1990)).

Further, pertinent to the parties' characterization of the instant dispute, under FEDERAL RULE OF CIVIL PROCEDURE 56(c)(2), "[a] party may object that the material cited to support or dispute a fact cannot be presented in a form that would be admissible in evidence." Relatedly, affidavits in support or opposition to summary judgment must be based on personal knowledge pursuant to both FEDERAL RULE OF CIVIL PROCEDURE 56(c)(4) ("[s]upporting and opposing affidavits shall be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify on the matters stated"), and FEDERAL RULE OF EVIDENCE 602 ("[a] witness may testify to a

matter only if evidence is introduced sufficient to support a finding that the witness has personal knowledge of the matter. Evidence to prove personal knowledge may consist of the witness's own testimony"). *See Payne,* 337 F.3d at 772. While personal knowledge may include "reasonable inferences," such inferences must be "'grounded in observation or other first-hand personal experience. They must not be flights of fancy, speculations, hunches, intuitions, or rumors about matters remote from that experience.'" *Id.* (quoting *Visser v. Packer Eng'g Assoc.,* 924 F.2d 655, 659 (7th Cir. 1991) (en banc)).

### c. Priority of Tax Liens

Deutsche Bank's instant request requires a finding that its mortgage is superior to the USA's tax lien. The Internal Revenue Code determines whether Deutsche Bank's mortgage has priority over the USA's tax lien. *See Aquilino v. United States,* 363 U.S. 509, 514 (1960) ("[W]e have consistently held" that "federal law . . . determines the priority of competing liens asserted against the taxpayer's 'property' or 'rights to property.'"). Specifically, 26 U.S.C. §§ 6321-6323 govern the validity and priority of the U.S.A.'s tax lien.

The United States reserves the right to place a lien on property for unpaid federal taxes. "If any person liable to pay any tax neglects or refuses to pay the same after demand, the amount . . . shall be a lien in favor of the United States upon all property and right to property, whether real or personal, belonging to such person." 26 U.S.C. § 6321. However, absent provisions to the contrary, the

common law principle of "first in time is the first in right," determines priority of federal tax liens. *United States v. McDermott,* 507 U.S. 447, 449 (1993).

## IV. APPLICATION

Deutsche Bank's complaint alleges its mortgage was recorded on August 25, 2004, in Perry County, Illinois (Doc. 2-2, p. 1, Para. 3(E)). In addition to Deutsche Bank's documentation in support (Doc. 18-1), the USA's answer admits this allegation (Doc. 6, p. 2, Para. 3(E)). Deutsche Bank's complaint further alleges the USA's tax lien was recorded in Perry County, Illinois on May 14, 2010 (Doc. 2-2, p. 3, Para. 3(L)). Thus, Deutsche Bank seeks summary judgment against the USA, as its mortgage was recorded before the USA's lien. *See* 26 U.S.C. § 6323(a) (providing that a perfected security interest takes priority over an IRS tax lien).

Importantly, the USA's motion to strike (Doc. 20) and its supplemental response to the summary judgment motion (Doc. 32), do not dispute, or even address, this pertinent allegation. The USA's sole response concerning the status of its lien is found in its answer, where it admits that it claims a lien in this matter and states that as of December 30, 2011, it has a valid tax lien against the real property in the amount of $17,5006.42[sic] (Doc. 6, p. 2, Para. 3(L)1), although it has not presented any documentation to this effect. Notably, the USA does not reference or document the date its lien was first recorded. However, the USA does not dispute Deutsche Bank's allegation that its mortgage is superior to the USA's tax lien. Thus, Deutsche Bank has met its burden of demonstrating, "there is no genuine dispute as to any material fact," concerning whether the USA's tax lien is

subordinate to Deutsche Bank's mortgage. FED. R. CIV. P. 56(a); *Celotex*, 477 U.S. at 322–23.

Finally, the Court shall address the USA's motion to strike affidavit of Judy Johnson (Doc. 20). As to the content of Johnson's affidavit, she states she has personal knowledge of the facts stated therein. Specifically, she describes the subject mortgage and note,[2] of which BANA maintains electronic copies. She further states that BANA maintains business records and a loan file for each of the loans it services, including computer-generated loan payment histories. In the ordinary course of her employment, Johnson states she reviews and analyzes business and loan records for Deutsche Bank's loans. She has reviewed and is personally familiar with the payment histories and copies of the mortgage and note in this matter. As to the computer-generated payment histories, she states she has, "personal knowledge that it is now, and was on the date of the entries, the regular course of business of BANA that the entries on the Payment Histories are made at or near the time of the occurrence and made in the ordinary course of business. Said records are not made in anticipation of litigation." Further, "[t]he computer software program used in generating the Payment Histories has been in place for the life of the Payment Histories," it is "periodically checked for reliability," and "can only be accessed by trained personnel with the requisite authority and clearance," such as herself.

---

[2] The Court notes that Johnson's affidavit incorrectly states the subject mortgage was recorded on July 9, 2007. However, as the copy of the mortgage attached to Deutsche Bank's summary judgment motion demonstrates the mortgage was recorded on August 25, 2004, the Court presumes this is merely a typographical error.

On the basis of these records, she states the Brueggemanns were to begin payment on May 1, 2004. According to the payment histories, the loan is due for the January 1, 2009 monthly mortgage installment and each successive monthly installment. As Deutsche Bank has elected to claim the entire balance due under the terms of the note and mortgage, and according to the payment histories, Johnson states that as of June 2012, a total of $147,073.71, exclusive of attorneys' fees and costs, is due to Deutsche Bank.

Upon review of Johnson's affidavit and her subsequent deposition, the Court finds Johnson is competent to testify to the above statements, as they are based on her personal knowledge and review of the pertinent documents. The USA cites to specific statements of Johnson's deposition and argues they are inconsistent with her affidavit; thus demonstrating the affidavit's inadmissibility (Doc. 32). The Court will not address every alleged discrepancy the USA cites, except to note the majority of its concerns represent deposition statements of Johnson's taken out of context from the relevant statements of her affidavit. For example, the USA seems to imply that because Johnson admits she did not personally witness the execution of the note and mortgage and its subsequent recording, she is not competent to testify as to the statements of her affidavit. However, this degree of personal knowledge is clearly not necessary or reasonable. The Court has carefully reviewed Johnson's deposition and finds the USA's concerns are unfounded, as it is not inconsistent with the relevant statements of her affidavit for which she has personal knowledge. To the extent

the USA argues Johnson bases her testimony on inadmissible hearsay, Johnson's testimony demonstrates the admissibility of the documents attached to her affidavit as business records. *See* FED. R. EVID. 803(6); *United States v. Reese*, 666 F.3d 1007, 1017 (7th Cir. 2012) ("A party establishes a foundation for admission of business records when it demonstrates through the testimony of a qualified witness [or a custodian] that the records were kept in the course of a regularly conducted business activity, and that it was the regular practice of that business to make such records.") (citation omitted). Johnson's affidavit and deposition demonstrate that as an employee of BANA, the servicer of the subject loan, she has personally reviewed the pertinent documents and verified the amounts listed in her affidavit as correct. On this basis, the USA's motion to strike is **DENIED** (Doc. 20). Moreover, as the USA does not dispute the allegation that its tax lien is subordinate to the subject mortgage, Deutsche Bank's motion for summary judgment against the USA is **GRANTED** (Doc. 18).

### V. CONCLUSION

For the above-stated reasons, Deutsche Bank's motion for summary judgment is **GRANTED** (Doc. 18). The USA's motion to strike affidavit of Judy Johnson is **DENIED** (Doc. 20).

**IT IS SO ORDERED.**

Signed this 18th day of December, 2012.

David R. Herndon
2012.12.18
10:37:51 -06'00'

**Chief Judge**
**United States District Court**