IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

**Deutsche Bank National Trust Company,**
*Trustee on behalf of the Certificateholders*
*of Morgan Stanley ABS Capital I Inc.*
*Trust 2004-HE7, Mortgage Pass-Through*
*Certificates, Series 2004-HE7,*

**Plaintiff,**

v.

**Paul Steven Brueggemann a/k/a Paul S. Brueggemann; Christina M. Brueggemann a/k/a Christina M. Bruns; United States of America; Washington County Hospital; Pinckneyville Community Hospital; Personal Finance Company, LLC,**

**Defendants.**            No. 11-cv-981-DRH-DGW

### JUDGMENT AND ORDER OF FORECLOSURE AND SALE

**HERNDON, Chief Judge:**

### I. INTRODUCTION

Plaintiff Deutsche Bank National Trust Company, Trustee on behalf of the Certificateholders of Morgan Stanley ABS Capital I Inc. Trust 2004-HE7, Mortgage Pass-Through Certificates, Series 2004-HE7 (Deutsche Bank), now moves for a default judgment of foreclosure and sale against defendants Paul Steven Brueggemann a/k/a Paul S. Brueggemann, Christina M. Brueggemann a/k/a Christina M. Bruns, Washington County Hospital, Pinckneyvillle Community Hospital, and Personal Finance Company, LLC (Doc. 57).

## II. <u>FINDINGS</u>

1. The Court has jurisdiction over the parties and the subject matter.

2. Deutsche Bank filed this complaint to foreclose mortgage in the Circuit Court of the Twentieth Judicial Circuit, Perry County, Illinois on October 11, 2011 (Doc. 2-2).

3. Deutsche Bank timely served defendant United States of America (USA) on October 28, 2011 (Doc. 9).

4. The United States timely removed to this Court on November 3, 2011, pursuant to 28 U.S.C. §§ 1441(c), 1442(a), and 1444, due to its tax lien on the subject property (Doc. 2).

5. The USA answered the complaint on December 23, 2011, stating that as of December 30, 2011, it had valid tax liens against the real property in the amount of $17,5006.42 [sic] (Doc. 6).

6. Deutsche Bank timely served defendants Paul Steven Brueggemann, Christina M. Brueggemann, Washington County Hospital, Pinckneyvillle Community Hospital, and Personal Finance Company, LLC with summons and a copy of the complaint in this matter (Docs. 7, 8, 10, and 11).

7. Defendants Paul Steven Brueggemann, Christina M. Brueggemann, Washington County Hospital, Pinckneyvillle Community Hospital, and Personal Finance Company, LLC, have failed to answer or otherwise plead in response to the complaint.

8. The Clerk entered an entry of default against defendants Paul Steven Brueggemann, Christina M. Brueggemann, Washington County Hospital, Pinckneyvillle Community Hospital, and Personal Finance Company, LLC, on May 4, 2012 (Doc. 16), and March 15, 2013 (Doc. 45), pursuant to FEDERAL RULE OF CIVIL PROCEDURE 55(a).

9. The Court granted Deutsche Bank's motion to voluntarily dismiss the parties herein known as Unknown Owners and Nonrecord Claimants without prejudice, on May 4, 2012 (Doc. 17).

10. On December 18, 2012, the Court granted Deutsche Bank's motion for summary judgment against the United States (Doc. 42).

### III. DEFAULT JUDGMENT

FEDERAL RULE OF CIVIL PROCEDURE 55 authorizes a party to seek a default judgment. Under this rule, the Court may enter a judgment by default when the non-moving party has "failed to plead or otherwise defend" itself. FED. R. CIV. P. 55(a). The decision to grant or deny default judgment lies within the district court's discretion. *Homer v. Jones-Bey*, 415 F.3d 749, 753 (7th Cir. 2005). "As a general rule, a 'default judgment establishe[s], as a matter of law, that defendants [are] liable to plaintiff as to each cause of action alleged in the complaint,'" as long as plaintiff's allegations are well-pleaded. *Dundee Cement Co. v. Howard Pipe & Concrete Products, Inc.* 722 F.2d 1319, 1323 (7th Cir. 1983) (citing *Breuer Electric Mfg. Co. v. Toronado Systems of America, Inc.*, 687

F.2d 182, 186 (7th Cir. 1982)). Plaintiff must then establish a right to the requested relief sought. *In re Catt*, 368 F.3d 789, 793 (7th Cir. 2004).

The Court finds default judgment in favor of Deutsche Bank and against defendants Paul Steven Brueggemann, Christina M. Brueggemann, Washington County Hospital, Pinckneyvillle Community Hospital, and Personal Finance Company, LLC, is warranted in this instance on the basis of the above findings and the assertions of Deutsche Bank's motion (Doc. 57). As to the proper amount, a party obtaining a default judgment in its favor is not entitled to an award "exceed[ing] [the] amount" demanded in the pleadings." FED. R. CIV. P. 54(c). Further, allegations within the complaint regarding damages are not deemed true upon the rendering of a default judgment. *In re Catt*, 368 F.3d at 793 (citations omitted); *Dundee Cement Co.*, 722 F.2d at 1323 (citations omitted). Instead, the district court must determine with reasonable certainty the proper amount to award as damages to the prevailing party. *Id*. The Court may base its determination either upon an evidentiary hearing or from "definite figures contained in the documentary evidence or in detailed affidavits." *Dundee Cement Co.*, 722 F.2d at 1323 (citations omitted); *see also In re Catt*, 368 F.3d at 793.

Additionally, under Illinois law, when a party does not submit a verified answer denying the facts in the complaint, then a "sworn verification of the complaint or a separate affidavit setting forth such fact is sufficient evidence thereof against such party and no further evidence of such fact shall be required." 735 ILCS 5/15-1506(a)(1). The Court may enter a judgment of foreclosure "upon

motion supported by an affidavit stating the amount which is due the mortgagee . . . where all the allegations of fact in the complaint have been proven by verification of the complaint or affidavit." 735 ILCS 5/15-1506(a)(2).

In this case, defendants Paul Steven Brueggemann, Christina M. Brueggemann, Washington County Hospital, Pinckneyvillle Community Hospital, and Personal Finance Company, LLC, have failed to participate in or defend against this foreclosure action. Further, the amount of damages is readily ascertainable from the terms of the note and mortgage, and the documentary evidence and affidavits on record (Doc. 57). On this basis, Deutsche Bank's motion for default judgment of foreclosure and sale against defendants Paul Steven Brueggemann, Christina M. Brueggemann, Washington County Hospital, Pinckneyvillle Community Hospital, and Personal Finance Company, LLC, is **GRANTED** (Doc. 57).[1]

## IV.   CONCLUSION

The Court hereby **FINDS AS FOLLOWS**:

1. That all the material allegations of the complaint and those deemed to be made pursuant to 735 ILCS 5/15-1504(c)(1-11), of the Illinois Code of Civil Procedure are true and proven; and this judgment is fully dispositive of the

---

[1] The Court notes that at the time it granted summary judgment against the USA, the servicer of the loan had changed from Bank of America to the current servicer, Select Portfolio Servicing, Inc. An affidavit from Mark Syphus, a Consumer Ombudsman Specialist of Select Portfolio Servicing, Inc., is offered in support of Deutsche Bank's instant motion for default judgment of foreclosure and sale. This change in servicers has no effect on the Court's previous Order granting summary judgment (Doc. 42), nor does it affect the Court's instant grant of default judgment. The Court finds Mark Syphus is competent to testify to the statements of his affidavit, similarly to Judy Johnson.

interests of all defendants, and that by virtue of the mortgage and the affidavits presented as evidence of indebtedness, there is due to Deutsche Bank, and it has a valid and subsisting lien on the property described below, the following amounts:

| | |
|---|---:|
| Principal, Accrued Interest, Advances and other amounts due Plaintiff: | $ 156,593.25 |
| Costs of Suit/Attorneys' Fees: | $ 3,371.00 |
| TOTAL | $ 159,964.25 |

2. All the foregoing amounts have been accounted for in the affidavits filed by Deutsche Bank.

3. That there is due and owing to the following defendant the sums set forth, as a lien upon the subject premises, subordinate and inferior to the lien and interest of Deutsche Bank, pursuant to the responsive pleadings/documents filed herein:

United States of America, $17,506.42, as of December 30, 2011.[2]

4. By the terms of the subject mortgage Deutsche Bank is entitled to an award of reasonable attorneys' fees. The following sum is hereby allowed to Deutsche Bank:

$3,371.00

5. That under the provisions of the mortgage, Deutsche Bank is entitled to be

---

[2] The USA's answer to the complaint states it has valid tax liens in the amount of $17,5006.42 (Doc. 6). Although this pleading is the only pleading on file with the Court in which the USA addresses the amount of its tax liens, the Court can only presume that the amount as of December 30, 2011, is in fact $17,506.42.

reimbursed for the expenses incurred in this case.

6. That advances made to protect the lien of Deutsche Bank and preserve the real estate, shall become an additional indebtedness secured by the Judgment lien pursuant to 735 ILCS 5/15-1504(d).

7. That the mortgage described in the complaint is recorded in the Office of the Recorder or Registrar of Deeds, Perry County, Illinois, as Document No. 2004-3135, and the property herein referred to and directed to be sold is described as follows:

PART OF THE NORTHEAST QUARTER (NE ¼) OF SECTION TWENTY-ONE 21, TOWNSHIP FIVE (5) SOUTH, RANGE THREE (3) WEST OF THE THIRD PRINCIPAL MERIDIAN, PERRY COUNTY, ILLINOIS, MORE PARTICULARLY DESCRIBED AS FOLLOWS:  BEGINNING AT A POINT ON THE EAST LINE OF THE NORTHEAST QUARTER (NE ¼) OF SECTION TWENTY-ONE (21) TOWNSHIP FIVE (5) SOUTH RANGE THREE (3) WEST OF THE THIRD PRINCIPAL MERIDIAN, SAID POINT BEING FOUR HUNDRED FORTY (440) FEET NORTH OF THE INTERSECTION OF THE SAID EAST LINE OF THE NORTHEAST QUARTER (NE ¼) AND THE NORTH RIGHT OF WAY LINE OF STATE ROUTE 154; THENCE, SOUTHERLY ON THE SAID EAST LINE OF THE NORTHEAST QUARTER (NE ¼) A DISTANCE OF FOUR HUNDRED FORTY (440) FEET TO THE SAID NORTH RIGHT OF WAY LINE OF STATE ROUTE 154; THENCE WESTERLY ON THE SAID NORTH RIGHT OF WAY LINE A DISTANCE OF THREE HUNDRED EIGHTY SEVEN (387) FEET; THENCE NORTHERLY A DISTANCE OF FOUR HUNDRED TEN (410) FEET; THENCE EASTERLY A DISTANCE OF THREE HUNDRED SEVENTY TWO (372) FEET TO THE POINT OF BEGINNING, EXCEPT ALL COAL, OIL, GAS AND OTHER MINERALS AND ALL RIGHTS AND EASEMENTS IN FAVOR OF THE STATE OF SAID MINERALS.

COMMONLY KNOWN AS:

3803 STATE ROUTE 154
PINCKNEYVILLE, IL 62274

PARCEL NUMBER:

1-53-0330-100

8. That upon sale of "residential" real estate to Deutsche Bank or its nominee, for a sale price less than the amount required to redeem as specified in 735 ILCS 5/15-1603(d) an owner of redemption as specified in 735 ILCS 5/15-1603(a) shall have a special right to redeem for a period ending 30 days after the date the sale is confirmed. Redemption shall be made by paying the amount required by the procedures specified in 735 ILCS 5/15-1604. Property so redeemed shall be subject to a lien for any deficiency remaining with the sale lien priority as the underlying mortgage herein foreclosed, without any rights of Homestead.

9. After confirmation of the sale, payment of the purchase price, and any other amount required to be paid by the purchaser at sale, the Court (or if the Court shall so order, the person who conducted the sale or such person's successor or some persons specifically appointed by the court for that purpose), shall upon the request of the holder of the Certificate of Sale (or the purchaser if no Certificate of Sale was issued), immediately execute a Deed to the holder or purchaser sufficient to convey title.

10. As the United States of America has filed responsive pleadings and is included in this Judgment of Foreclosure and Sale, the United States of America, pursuant to 28 U.S.C. § 2410, shall have a redemption period subsequent to the completion of any sale held pursuant to this Judgment of

Foreclosure and Sale, pursuant to the stated statute.

11. The Court retains jurisdiction of the subject matter of this cause and of all parties hereto, for the purpose of enforcing this judgment.

**IT IS FURTHER ORDERED** that the motion for appointment of foreclosure sale officer is **GRANTED** (Doc. 49). **IT IS HEREBY ORDERED** that the Private Sales Corporation is appointed selling officer for the purpose of the sale at public auction of the property that is the subject matter of this action, pursuant to this Judgment of Foreclosure and Sale.

**IT IS FURTHER ORDERED** that the motion for clerk to mail notice of default submitted by Deutsche Bank to the undersigned is **GRANTED** (Doc. 58). The Clerk is instructed to mail by regular mail said notice to all parties listed therein.

**IT IS SO ORDERED.**

Signed this 10th day of May, 2013.

Digitally signed by David R. Herndon
Date: 2013.05.10 08:44:27 -05'00'

**Chief Judge**
**United States District Court**